UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MICHAEL D. SHERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| FMR LLC; ) | Civil No. 1:20-cv- |
| ) | |
| LLIFE INSURANCE COMPANY OF NORTH AMERICA) | |
| ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**COMPLAINT**

I.   INTRODUCTION

   1.   Plaintiff Michael D. Sherry is insured under a Group Disability Policy, known as FMR Corporation, Policy Number, FLK-0980026 ("the Policy").  On information and belief, the Policy is a welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Plaintiff received Long-Term Disability Benefits under the Policy from June 14, 2011 until March 10, 2017.  By letter dated March 8, 2017, Defendant Life Insurance Company of North America, claiming that he is no longer disabled under the policy terminated his benefits.  Pursuant to the Policy's Claims Procedures, Plaintiff filed two administrative appeals, which Defendant Life Insurance Company of North America denied. Having exhausted his administrative remedies under the Policy, Plaintiff brings this action to overturn these denials and reinstate his benefits, and for his attorney's fees and costs.

II.   JURISDICTION AND VENUE

   2   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974

1

("ERISA") over this claim for disability benefits under a policy governed by ERISA, 29 U.S.C. § 1001 et seq.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2)  Both Defendants conducts ongoing business in New Hampshire, provide long term disability insurance for employers and employees who reside in New Hampshire, employ New Hampshire residents, have extensive contacts within New Hampshire, and accordingly, is found within New Hampshire.

III.  PARTIES

4. Plaintiff Michael D. Sherry resides at 13 Lippold Rd., Atkinson, New Hampshire 03811. At all times relevant to this proceeding, he has been eligible to receive long-term disability benefits under Group Policy number FLK-0980026, known as FMR Corporation, Life Insurance Company of North America, underwriter.

5.  Defendant FMR LLC has its principal place of business at 245 Summer St., Boston, MA 02210.  It is the holding company for Fidelity Investments, a business located at 1 Spartan Way, Merrimack NH 03054.  The Policy identifies FMR LLC as the Policy Owner of Policy Number FLK-0980026.  On information and belief, Defendant FMR LLC is the Plan Administrator for the Group Policy ("Policy") FMR LLC, FLK-0980026.

6. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("Cigna') has its principal place of business at 1601 Chestnut St., Philadelphia, PA 19192.  The Policy identifies Cigna as the named fiduciary for deciding claims for benefits and appeals of denied claims under the Policy.  The Policy identifies Defendant Cigna as the Insurance Company underwriting the Policy. On information and belief, Cigna is the Plan Administrator for the Group Policy ("Policy") FMR LLC, FLK-0980026

IV. STATEMENT OF FACTS

7. In 2001, Plaintiff was diagnosed with medullary thyroid cancer MENII-A, a slow-growing, inherited cancer. He underwent surgery and radiation between May and August, 2001. He continued follow-up and in late 2003-2004, CT scans revealed that his cancer had metastasized to his liver, spine and skull. No treatment was available at the time.

8. In January, 2008, Fidelity Investments hired Plaintiff as a full-time customer service representative. Beginning in 2009, Plaintiff had a need for unpaid FMLA leave in connection with his enrollment in a clinical drug trial at Dana Farber Cancer Institute. He continued to work while experiencing numerous side effects from the chemotherapy, including difficulty concentrating, diarrhea, fatigue, sun sensitivity, difficultly fighting infection, and difficulty healing from minor skin abrasions.

9. In 2010, Fidelity promoted Plaintiff to the position of HNW (High Net Worth) Sales Associate. In 2011, Plaintiff was diagnosed with osteonecrosis of the jaw, believed caused by chemotherapy, and required debridement and regular antibiotic treatment. Fidelity's HR department staff recommended that Plaintiff apply for the Policy's Long-Term Disability benefits. On June 14, 2011, Cigna found that Plaintiff was eligible for Long-Term Disability benefits. Plaintiff received disability benefits as of June 14, 2011, but worked on a reduced schedule pursuant to the Policy's "Return to Work" provision.

10. By 2015, Plaintiff began experiencing cascading side effects from long-term chemotherapy, primarily fatigue and trouble sleeping due to the gastrointestinal effects (diarrhea) of the medication, and difficulty concentrating. Plaintiff reduced his work to between 15-20 hours a week. Plaintiff and Fidelity's HR department started to look at other potentially suitable positions at Fidelity, but were unable to find anything.

11. In the spring of 2016, Fidelity told Plaintiff, who had continued to work on a reduced schedule and receive Long Term Disability benefits, that it could no longer support the flexibility he required as a result of his treatment, and was putting him on full disability. Cigna contracted with a company to handle a social security disability application for Plaintiff.

12. On February 6, 2017, the Social Security Administration approved his initial application, finding that Plaintiff became disabled under its rules on May 1, 2016.  Plaintiff repaid Cigna for a portion of Long-Term Disability benefits and his Long-Term Disability benefits were reduced, pursuant to the Policy's coordination of benefits provisions.

13. One month later, on March 8, 2017, Cigna informed Plaintiff that it had determined that he was no longer disabled under the Policy and terminated his benefits.

14. Under the Policy, "After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely because of Injury or Sickness, he or she is 1.  Unable to perform the material duties of his or her Regular Occupation; and 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
After Disability Benefits have been payable for 48 months, the Employee is considered Disabled if, solely due to Injury or Sickness he or she is: 1. Unable to perform the material duties of any occupation for which you are she is, or may reasonably be,, qualified based on education, training or experience; and 2. Unable to earn 60% or more of his or her Indexed Earnings."

15. On May 29, 2017, Plaintiff submitted a timely appeal to Cigna's decision to terminate his benefits. On October 16, 2017, Cigna denied Plaintiff's appeal.  On April 10, 2018, Plaintiff filed a second appeal, which was denied on July 5, 2018. Plaintiff has exhausted all such appeals

16. Plaintiff provided Cigna with substantial medical evidence from his treating providers that included their medical opinions that he remained unable to work due to metastatic medullary thyroid cancer.

17. Plaintiff's oncologist is Dr. Jochen Lorch. Dr. Lorch has treated Plaintiff since 2009. In connection with his administrative appeal, Plaintiff submitted interrogatories completed by Dr. Lorch on April 10, 2018. Dr. Lorch stated that Plaintiff remained unable to work due to medication side effects of fatigue and persistent diarrhea.

18. According to the Policy, Cigna's decision must be based on 1) the medical evidence submitted by the Employee, 2) consultation with the Employee's Physician, and 3) evaluation of the employee's ability to work by not more than three independent experts, if required by the Insurance Company. Cigna violated the policy because it made its decision without making a reasonable effort to contact the treating providers, Cigna did not carefully consider the opinion of the treating oncologist, and Cigna required that "abnormal vitals, physical examinations, and lab/radiographic evidence support the Plaintiff's side effects from medications, a more restrictive requirement than is not included in the Policy's definition of "Disabled."

19. Cigna submitted the appeal to an occupational medicine specialist, a psychiatrist, and an oncologist, all of whom conducted a records review. No reviewing doctor personally examined the Plaintiff. On information and belief, the reviewing doctors did not speak to Plaintiff's treating providers. The July 5, 2018 decision stated that "the provided medical oncology records did not provide medical evidence of functional impairment, as noted by abnormal vitals, physical exam findings, or labs/radiographic studies." Although the decision referenced Dr. Lorch's April 10, 2018 report that Plaintiff was unable to work due to frequent

diarrhea and fatigue, Cigna stated "it was unclear what this is based on."  The decision noted that the psychiatrist noted that "there were very few psychiatric records.  The bulk of the records concerned treatment for thyroid cancer," and "his mood issues were attributed to his medical problems."  On the basis of this records review, the occupational medicine specialist determined that Plaintiff had some physical restrictions, and needed ready access to a bathroom.

20. Cigna submitted the claim to its Vocational Department for a "transferrable skills analysis" on the basis of "supported" restrictions and/or limitations.  The vocational specialist determined that Plaintiff would be able to perform the occupations of Registered Representative DOT # 250.257-018 and Order Clerk, DOT #249.362-025.

21. On information and belief, Cigna funds and underwrites the Policy and decides whether participants will receive benefits under the Policy. Accordingly, Cigna has a conflict of interest that must be considered when determining whether its denial of Plaintiff's benefits was proper.

22. Cigna's interest in protecting its own assets influenced its decision to terminate Plaintiff's disability benefits.

23. While the appeal was pending, Plaintiff continued to get worse, and could no longer tolerate the effects of the clinical trial drug.  In the summer and fall of 2018, Plaintiff, who is 5'11, weighed only 120 pounds.  Plaintiff started a new clinical trial at Dana Farber in November, 2018. He started to feel better, exercise and do physical therapy.  His weight increased over time and he now weighs 150 pounds, although he is still underweight.   However, he continues to have fatigue and difficulty concentrating, swallowing, speaking and sleeping.  He has an unremitting seeping infection in his jaw, due to osteonecrosis, and needs to rinse his mouth regularly. At times, he wakes up in the middle of the night due to pain from his neck

surgeries to remove the cancer, and hip surgery to treat a slipped epiphysis, the growth plate on top of his femur, which has been seen in patients with medullary thyroid cancer.

V. CLAIMS

Breach of Fiduciary Duty in violation of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1104(a)(1)

24. The Policy is an ERISA welfare benefit policy.

25. Under the Policy, a participant who meets the definition of "Disabled" is entitled to Long-Term Disability benefits paid out of the Policy assets.

26. Plaintiff was covered at all relevant times under the Policy.

27. Plaintiff's medullary thyroid cancer and osteonecrosis of the jaw is a "Sickness," and is "Disabled" at all relevant times under the Policy.

28. Cigna's decision to terminate Long-Term Disability Benefits was an exercise of bad faith, arbitrary, capricious, unreasonable, irrational, an abuse of discretion, contrary to the terms of the Policy, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Cigna failed to have Plaintiff independently examined, and instead relied on the opinion of medical professionals who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's primary care provider;

    b. Cigna relied on the opinions of medical professionals who were financially biased by their relationship with Cigna and as such unable to offer an unbiased opinion;

    c. Cigna relied on the opinions of non-treating medical professionals who never examined Plaintiff and who did not consult with Plaintiff's treating professionals, while discarding the opinions of Plaintiff's treating medical professionals;

d. Cigna relied on the opinions of non-examining medical professionals whose opinions were not supported by substantial evidence in the claim file, and were not consistent with the overall evidence in the record;

e. Cigna failed to identify the internal rules, guidelines, protocols, standard, or other similar criteria it relied upon in rendering its decision and failed to state that he did not rely on same.

f. Cigna denied benefits without demonstrating any nexus between the opinions of the doctors it hired and Plaintiff's normal job duties and responsibilities;

g. Cigna "picked and chose" evidence in the record to support its decision to deny the claim, while ignoring other record evidence that supported Plaintiff's claim;

h. Cigna terminated benefits without evidence that there had been any improvement in Plaintiff's condition;

i. Cigna terminated benefits one month after the Social Security Administration found that Plaintiff was eligible for Social Security Disability ("SSDI") benefits, and after providing its own contractor to file and complete Plaintiff's SSDI application. Cigna failed to carefully consider Plaintiff's eligibility for SSDI benefits in its decision to terminate his benefits.

j. Cigna required that Plaintiff demonstrate that undisputed side effects of his clinical trial be supported by the abnormal vitals, physical examination findings or laboratory//radiographic evidence, which is not required under the Policy.

29. Cigna failed to identify the internal rules, guidelines, protocols, standards, or other criteria relied upon in making its decision, nor state that no such criteria as were used. Cigna's denial of benefits under the Policy has caused Plaintiff to incur attorneys' fees and costs to pursue this action.

.

**WHEREFORE,** Plaintiff respectfully requests the following relief against Defendant:

    A.  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court declare he fulfills the Policy's definition of "Disabled," and is accordingly entitled to all benefits available to him under the Policy.

    B. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that this Court order Defendants to pay benefits due to him under the terms of the Policy;

    C.  Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

    D.  Any Policy benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

    E.  A declaration that Plaintiff is entitled to ongoing benefits under the Policy so as long as Plaintiff remains disabled under the terms of the Policy;

    F.  In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Defendants to adjudicate Plaintiff's claim in a manner consistent with the terms of the Policy

    G.  Pursuant to 29 U.S.C. § 1132(g)(1), reasonable costs and attorneys' fees incurred in this action;

    H.  For such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED THIS 14th day of February, 2020,

                                    MICHEL D. SHERRY,
                                    By: /s/ Sheila O'Leary Zakre (#9101)
                                        Zakre Law Office
                                        4 Park Street, Suite 2056
                                        Concord, NH 033031
                                        603-224-4400
                                        sheila@zlawnh.com
                                        Attorney for Michael Sherry